UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ARIAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GRUBAUGH, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-04622-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff discusses issues with the conditions of confinement at Martinez Detention Facility and West County Detention Facility. Plaintiff appears to be a pretrial detainee.

Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id*. at 1068.

In the context of claims for failure to protect, the standard under the Eighth Amendment to prove deliberate indifference is different than the standard to prove deliberate indifference under the Fourteenth Amendment. Whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. *Castro*, 833 F.3d at 1068-70 (holding that objective standard of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), applicable to excessive force

1   claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial

2   detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective

3   intent to punish in the context of a . . . failure-to protect claim." *Id*. at 1070. A pretrial detainee

4   who asserts a due process claim for failure to protect instead must prove "more than negligence

5   but less than subjective intent – something akin to reckless disregard." *Id*. at 1071.

6       A claim for a violation of a detainee's right to adequate medical care arises under the

7   Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888

8   F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate

9   indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

16  *Id*. at 1125. For the third element, the defendant's conduct must be objectively

17  unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular

18  care." *Id*. (citations and internal quotation marks omitted). A lack of due care by a state official is

19  not enough. *See Alexander v. Nguyen*, 78 F.4th 1140, 1144-46 (9th Cir. 2023). The four-part test

20  articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective

21  intent – something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

22      The complaint does not present specific claims but discusses plaintiff's treatment at two

23  jails from July 2022 to July 2024. Plaintiff identifies approximately ten defendants, but he fails to

24  discuss the actions of many of the defendants and he does not describe how the defendants

25  violated his constitutional rights. Plaintiff raises numerous issues, but he appears to focus on the

26  failure to protect him from an assault by another detainee and the denial of medical care and

27  medical supplies. The complaint is dismissed with leave to amend to provide more information. It

28  is insufficient to simply list issues that have arisen over the course of several years. Plaintiff

should focus on a few related issues and specifically describe how individual defendants violated his constitutional rights. He must also specify which jail the events occurred and only include defendants that are related to his claims. Plaintiff must indicate if he is convicted prisoner or pretrial detainee.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 21, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge